COPY



FILED
CLERK, U.S. DISTRICT COURT

AUG 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA

1 | Nicole M. Norris. (SBN: 222785)
**LIVE EYEWEAR, INC.**
2 | 3490 Broad Street
San Luis Obispo, California 93401
3 | Telephone: (805) 782-6438
Facsimile: (805) 782-5077
4 | nnorris@liveeyewear.com
*Attorney for Plaintiff Live Eyewear, Inc.*
5

6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV14-6320 RGK-CW ×

9 | LIVE EYEWEAR, INC., a California
corporation,

CASE NO:

10

**COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR:**

11 | Plaintiff,

(1) TRADEMARK
INFRINGEMENT IN
VIOLATION OF LANHAM
ACT § 32;
(2) FALSE DESIGNATION OF
ORIGIN IN VIOLATION OF
LANHAM ACT § 43;
(3) TRADEMARK DILUTION IN
VIOLATION OF LANHAM
ACT § 43;
(4) CYBERPIRACY IN
VIOLATION OF LANHAM
ACT § 43
(5) TRADEMARK
INFRINGEMENT UNDER
CALIFORNIA BUS. & PROF.
CODE § 14200 ET SEQ.
(6) TRADEMARK DILUTION IN
VIOLATION OF CALIFORNIA
BUS. & PROF. CODE § 14330
(7) UNFAIR COMPETITION IN
VIOLATION OF CALIFORNIA
BUS. & PROF CODE § 17200
ET SEQ.;
(8) COMMON LAW UNFAIR
COMPETITION

12 | vs.

13 | HORISUN FULFILLMENT, LLC, a
Georgia limited liability company; and
14 | DOES 1 through 10, inclusive,

15 | Defendants.

16

17

18

19

20

21

22

23

24

25

**DEMAND FOR JURY TRIAL**

26

27

28

Plaintiff Live Eyewear, Inc. ("Live Eyewear") for its complaint against Horisun Fulfillment, LLC ("Defendant"), alleges as follows:

## INTRODUCTION

### A.    GENERAL INFORMATION

1.     Live Eyewear is recognized in the eye care industry and elsewhere as a premier provider of fitover sunglasses, i.e., sunglass clips and sunglasses designed to fit over a wearers prescription glasses.

2.     Live Eyewear brings this lawsuit after Defendant has and continues to repeatedly infringe on Live Eyewear's federally registered trademark for "HORIZON" in connection with the sale of sunglasses and eyeglasses.

## PARTIES

3.     Live Eyewear is a California corporation with its principal place of business located at 3490 Broad Street, San Luis Obispo, California.  Live Eyewear was founded in 2001 and is now recognized as a world leader in the fitover eyewear market.

4.     Upon information and belief, Horisun Fulfillment, LLC, was and is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in Georgia.

5.     Live Eyewear is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names.  Live will amend this Complaint, if necessary to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331, and 1338(a) because Live Eyewear's first cause of action arises under the trademark laws of the United States and over the other claims set forth below by virtue of 28 US.C. § 1338(b).

7.     This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367 because these claims are so related to Live Eyewear's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) as Defendant operates an interactive website that enters into contracts to purchase products and places such products into commerce in this judicial district, and has committed and continue to commit acts of trademark infringement in this judicial district, entitling Live Eyewear to relief as set forth.

## INTRADISTRICT ASSIGNMENT

10.     Assignment to the Western Division is appropriate because the majority of claims and certain of the transactions, acts, practices, injuries and courses of business alleged below occurred within San Luis Obispo County.

## FACTUAL ALLEGATIONS

11.     Since as early as 2003, and long prior to Defendant's acts complained of herein, Live Eyewear has used the trademark HORIZON® (the "HORIZON® Mark") in connection with the sale of sunglasses and clip-on sun shades.

12.     Live Eyewear sells sunglasses and clip-on sun shades under the HORIZON® Mark across the United States and abroad and is well recognized in the eye care industry as a leader in quality eye protection.

13.     Live Eyewear is the owner of United States Trademark Registration No. 4,009,970 for the HORIZON® Mark.  The mark consists of standard characters without claim to any particular font, style, size or color, and covers goods in International Class 9, specifically for "Sunglasses."  Attached hereto as **Exhibit A** is a true and correct copy of the trademark registration for THE HORIZON® Mark.

COMPLAINT

14.    Although not limited to any particular design for its HORIZON®
Mark Live Eyewear typically uses the mark with a fanciful design where the first
letter "o" in HORIZON appears as the sun, with horizontal lines extending through
the "H" to the left, and through the "RIZON" to the right.  Attached hereto as
**Exhibit B** are exemplary images of Live Eyewear's sunglasses and clip-ons sold
under the HORIZON® brand name.

15.    Upon information and belief, in or about 2012 Defendant began
selling sunglasses under the brand "Horisun."

16.    Defendant operates a fully interactive website, at the domain name
www.horisunbrands.com, on which it sells over the internet three categories of
eyeglasses: "Polarized Sunglasses," "Stylish Safety Sunglasses," and "High Quality
Readers."  Defendant's website includes an option to sign up for a mailing list to
receive a newsletter, and encourages consumers to contact it if help is needed
placing an order over the internet.  Defendant provides consumers with a phone
number at which it can be contacted as well as a "Contact Form" that consumers are
required to fill out and submit.

17.    Defendant also offers its customers the opportunity to create a gift
registry, review the terms and conditions required for every sale, view that
customer's account by logging in with a username and password, and becoming an
affiliate.  Attached hereto as **Exhibit C** are true and correct copies of at least some
pages from Defendant's website.

18.    On information and belief, Defendant sells its products to consumers
in this district, thereby entering into contracts with those consumers in this district,
solicits consumers in this district to sign up for Defendant's newsletter, and allow
consumers in this district to access their account with Defendant by inputting a login
and password.

19.    On or about June 27, 2014 Live Eyewear, by and through counsel,
contacted Defendant's counsel to put them on notice that Live Eyewear was

concerned Defendant's use of the name "Horisun" in connection with the sale of sunglasses may lead to confusion with Live Eyewear's HORIZON® Mark covering the exact same class of goods.

20. As of the date of this Complaint, Defendant, with knowledge of Live Eyewear's HORIZON® Mark, has refused to cease, and continues to use the name "Horisun" to sell sunglasses and eyeglasses, intentionally infringing Live Eyewear's trademark.

21. On information and belief, on or about April 11, 2014 Defendant applied for trademark protection for its brand "Horisun." Subsequently, on or about July 22, 2014, the United States Patent and Trademark Office issued an office action rejecting Defendant's application due to the likelihood of confusion with Live Eyewear's HORIZON® Mark. Attached hereto as **Exhibit D** is the relevant portion of the USPTO's office action stating as such.

## COUNT I

## TRADEMARK INFRINGMENT – VIOLATION OF LANHAM ACT § 32
### (15 U.S.C. §§ 1114)

22. Live Eyewear incorporates by reference each and every allegation in the preceding paragraphs.

23. Live Eyewear is the owner of the federally registered HORIZON® Mark and common law rights throughout the United States through the use and promotion of the HORIZON® Mark in interstate commerce.

24. Without Live Eyewear's consent, Defendant has used, in connection with the sale, offering for sale, distribution or advertising of its products, designs and other marks that infringe upon Live Eyewear's registered HORIZON® Mark.

25. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

26.     Live Eyewear is informed and believes, and on that basis alleges that Defendant's infringement of Live Eyewear's trademarks has been and continues to be intentional, willful and without regard to Live Eyewear's trademark rights.

27.     Live Eyewear is informed and believes, and on that basis alleges that Defendant has gained profits by virtue of its infringement of Live Eyewear's trademarks.

28.     Live Eyewear will suffer and is suffering irreparable harm from Defendant's infringement of the HORIZON® Mark insofar as Live Eyewear's invaluable goodwill is being eroded by Defendant's continuing infringement.  Live Eyewear has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and good will flowing from Defendant's infringing activities.  Pursuant to 15 U.S.C. § 1116, Live Eyewear is entitled to an injunction against Defendant's continuing infringement of the HORIZON® Mark.  Unless enjoined, Defendant will continue its infringing conduct.

29.     Because Defendant's actions have been committed with intent to damage Live Eyewear and to confuse and deceive the public, Live Eyewear is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15. U.SC. § 1117(a) and 1117(b). Alternatively, Live Eyewear is entitled to the maximum statutory damages allowed under 15 U.S.C. § 1117(c). Live Eyewear will make its election at the appropriate time before final judgment.

## COUNT II
## FALSE DESIGNATION OF ORIGIN –
## VIOLATION OF LANHAM ACT § 43
### (15 U.S.C. § 1125(a))

30.     Live Eyewear incorporates by reference each and every allegation in the preceding paragraphs.

31.     Live Eyewear is the owner of the federally registered HORIZON® Mark and common law rights throughout the United States through the use and promotion of the HORIZON® Mark in interstate commerce.

32.     The HORIZON® Mark is well known among eye care professionals and, over its 10-year existence, has been associated exclusively with Live Eyewear and Live Eyewear products.

33.     The HORIZON® Mark has become distinctive of Live Eyewear's products and distinguishes Live Eyewear's product from those offered by others.

34.     Defendant's unauthorized use, sale and distribution of goods using materials nearly identical to the HORIZON® Mark is a false designation of origin, or a false representation, that wrongfully and falsely designates Defendant's products as originating from, or being connected with, Live Eyewear, and constitutes unfair competition in violation of the Lanham Act.

35.     Defendant's unlawful use is likely to continue to cause confusion, mistake, or to deceive consumers as to the source of Defendant's goods, or as to Live Eyewear's affiliation, connection, association, sponsorship, or approval of such goods, and as a consequence, Defendant's use is likely to divert, and has diverted, consumers away from Live Eyewear's products.

36.     Live Eyewear has sustained damages as a direct and proximate result of Defendant's infringement of the HORIZON® Mark in an amount to be proven at trial.

37.     Defendant's adoption and use of a mark so similar to Live Eyewear's HORIZON® Mark has caused, and continues to cause, irreparable injury to the value and goodwill of Live Eyewear's mark, as well as to Live Eyewear's business, goodwill and reputation.  Defendant's actions, if not enjoined, will continue, including the sale of its services through the same channels of trade used by Live Eyewear and to the same customers targeted by Live Eyewear.  Live Eyewear has no adequate remedy at law in that the amount of its damages is difficult to ascertain

with certainty.  Pursuant to 15 U.S.C. § 1116, Live Eyewear is entitled to an injunction against Defendant's continuing infringement of the HORIZON® Mark. Unless enjoined, Defendant will continue its infringing conduct.

38.    Live Eyewear is informed and believes, and on that basis alleges, that Defendant's infringement of the HORIZON® Mark has and continues to be intentional, willful and without regard to Live Eyewear's intellectual property rights. Live Eyewear is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b). Alternatively, Live Eyewear is entitled to the maximum statutory damages allowed under 15 U.S.C. § 1117(c).  Live Eyewear will make its election at the appropriate time before final judgment.

## COUNT III

## DILUTION – VIOLATION OF LANHAM ACT § 43

### (15 U.S.C. § 1125(c))

39.    Live Eyewear incorporates by reference each and every allegation in the preceding paragraphs.

40.    Live Eyewear is the owner of the federally registered HORIZON® Mark and common law rights throughout the United States through the use and promotion of the HORIZON® Mark in interstate commerce.

41.    The HORIZON® Mark is widely recognized among eye care professionals across the United States and, over its 10-year existence, has been associated exclusively with Live Eyewear and Live Eyewear products.

42.    The HORIZON® Mark has become distinctive of Live Eyewear's products and distinguishes Live Eyewear's product from those offered by others.

43.    Defendant's infringement of the HORIZON® Mark in connection with the sale of both eyeglasses and sunglasses is likely to cause dilution by blurring the designation of the source of goods sold under the HORIZON® Mark.

44.     The HORIZON® Mark and Defendant's use of "Horisun" for the sale of the same or similar goods are nearly identical in appearance, spelling, and phonetics, creating a high degree of similarity which is likely to impair the distinctiveness of the HORIZON® Mark.

45.     Live Eyewear is informed and believes, and on that basis alleges, that Defendant's dilution of the HORIZON® Mark has and continues to be intentional, willful and without regard to Live Eyewear's intellectual property rights.

46.     Live Eyewear is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its dilution of the HORIZON® Mark.

47.     Live Eyewear also has sustained damages as a direct and proximate result of Defendant's dilution of the HORIZON® Mark in an amount to be proven at trial.

48.     Pursuant to 15 U.S.C. § 1116, Live Eyewear is entitled to an injunction against Defendant's continuing dilution of the HORIZON® Mark.  Unless enjoined, Defendant will continue its diluting conduct.

49.     Because Defendant's actions have been committed with intent to damage Live Eyewear and to confuse and deceive the public, Live Eyewear is entitled to its actual damages or Defendant's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and destruction of diluting articles under § 1118.

## COUNT IV

## CYBERPIRACY – VIOLATION OF LANHAM ACT § 43

### (15 U.S.C. § 1125(d))

50.     Live Eyewear incorporates by reference each and every allegation in the preceding paragraphs.

51.     Live Eyewear is the owner of the federally registered HORIZON® Mark and common law rights throughout the United States through the use and promotion of the HORIZON® Mark in interstate commerce.

52.     The HORIZON® Mark is widely recognized among eye care professionals across the United States and, over its 10-year existence, has been associated exclusively with Live Eyewear and Live Eyewear products.

53.     The HORIZON® Mark has become distinctive of Live Eyewear's products and distinguishes Live Eyewear's product from those offered by others.

54.     On information and belief, Defendant is the owner of the domain name www.horisunbrands.com, a domain that is confusingly similar to the HORIZON® Mark, in connection with the bona fide offering of sunglasses for sale to consumers.

55.     Live Eyewear is informed and believes, and on that basis alleges, that Defendant's use of the confusingly similar domain name www.horisunbrands.com in connection with the offering of sunglasses and eyeglasses is intentional, willful and without regard to Live Eyewear's intellectual property rights.

56.     Live Eyewear is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its registration and use of the domain name www.horisunbrands.com in connection with the offering of sunglasses and eyeglasses for sale to consumers.

57.     Live Eyewear also has sustained damages as a direct and proximate result of Defendant's registration and use of the domain name www.horisunbrands.com in connection with the bona fide offering of sunglasses for sale to consumers, in an amount to be proven at trial.

58.     Pursuant to 15 U.S.C. § 1116, Live Eyewear is entitled to an injunction against Defendant's continuing dilution of the HORIZON® Mark.  Unless enjoined, Defendant will continue their diluting conduct.

59.     Because Defendant's actions have been committed with intent to damage Live Eyewear and to confuse and deceive the public, Live Eyewear is entitled to its actual damages or Defendant's profits, whichever is greater, and to an

1    award of costs and, this being an exceptional case, reasonable attorneys' fees
2    pursuant to 15 U.S.C. § 1117(a).

## COUNT V

## STATE TRADEMARK INFRINGEMENT

### (Cal. Bus. & Prof. Code §§ 14200 et seq.)

6         60.    Live Eyewear incorporates by reference each and every allegation in
7    the preceding paragraphs.

8         61.    Live Eyewear is the owner of the federally registered HORIZON®
9    Mark and is entitled to registration under the Model State Trademark Law.

10         62.    Without Live Eyewear's consent Defendant has used, in connection
11    with the sale, distribution, offering for sale, or advertising of goods, Live Eyewear's
12    HORIZON® Mark or a colorable imitation thereof.

13         63.    Defendant's use of Live Eyewear's HORIZON® Mark is likely to
14    cause consumer confusion or mistake, or to deceive consumers as to the origin of the
15    goods offered by Defendant.

16         64.    On information and believe Defendant's conduct is aggravated by that
17    kind of willfulness, wantonness, malice and conscious indifference to the rights and
18    welfare of Live Eyewear for which California law allows the imposition of
19    exemplary damages.

20         65.    Pursuant to Cal. Business & Professions Code §§ 14247 and 14250,
21    Live Eyewear is entitled to injunctive relief and damages in the amount of three
22    times Defendant's profits and three times all damages suffered by Live Eyewear by
23    reason of Defendant's manufacturer, use, display or sale of infringing goods.

## COUNT VI

## STATE TRADEMARK DILUTION

### (Cal. Bus. & Prof. Code §§ 14330 et seq.)

27         66.    Live Eyewear incorporates by reference each and every allegation in
28    the preceding paragraphs.

67.     Live Eyewear is the owner of the federally registered HORIZON® Mark and is entitled to registration under the Model State Trademark Law.

68.     Live Eyewear's HORIZON® Mark has acquired a prominence and renowned reputation in the eyecare industry as representative of sunglasses and clip-on shade products.

69.     Without Live Eyewear's consent Defendant has used, in connection with the sale, distribution, offering for sale, or advertising of goods, Live Eyewear's HORIZON® Mark or a colorable imitation thereof.

70.     Defendant's use of the HORIZON® Mark in connection with infringing merchandise dilutes the distinctive quality of and tarnishes the public image of the HORIZON® Mark.

71.     Live Eyewear is entitled to an injunction pursuant to Cal. Bus. & Prof Code § 14250 to restrain the further manufacture, use, display or sale of any goods bearing the infringing mark.

72.     Pursuant to Cal. Business & Professions Code § 14335, Live Eyewear is entitled to injunctive relief prohibiting Defendant's manufacturer, use, display or sale of infringing goods.

## COUNT VII

## UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code § 17200 et seq.)

73.     Live Eyewear incorporates by reference each and every allegation in the preceding paragraphs.

74.     Live Eyewear is informed and believes and on that basis alleges, that Defendant's use of "Horisun" and www.horisunbrands.com to sell sunglasses and eyeglasses, without Live Eyewear's consent, constitutes unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code.

75.     As a direct and proximate result of Defendant's wrongful acts, Live Eyewear has suffered and will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill.  Live Eyewear's remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Accordingly, Live Eyewear is entitled to temporary, preliminary, and permanent injunctive relief.

76.     By reason of such wrongful acts, Live Eyewear is and was, and will be in the future, deprived of the profits and benefits of said business relationships, agreements, and transactions with various existing employees, clients, prospective clients, and/or suppliers, and Defendant has wrongfully obtained such profits and benefits in an amount to conform to proof at trial, but in no event less than the jurisdictional minimum of this Court.

## COUNT VIII

## UNFAIR COMPETITION

### (Common Law)

77.     Live Eyewear incorporates by reference each and every allegation in the preceding paragraphs.

78.     By virtue of Defendant's acts as pleaded above, Defendant has engaged in unfair competition with Live Eyewear.

## PRAYER FOR RELIEF

WHEREFORE, Live Eyewear prays for the following relief:

A.      That the Defendant, its officers, agents, servants, and employees, and all persons in concert or participation with the Defendant be preliminarily and permanently enjoined from:

     a. Infringing Live Eyewear's HORIZON® Mark;

     b. Selling or marketing merchandise in any way that tends to deceive, mislead, or confuse the public into believing that the Defendant's merchandise is in any way sanctioned by or affiliated with Live Eyewear and/or the HORIZON® Mark;

13
COMPLAINT

c.  Diluting the distinctive quality of Live Eyewear's HORIZON® Mark;

d.  Further acts of cyberpiracy related to the HORIZON® Mark; and

e.  Otherwise competing unfairly with Live Eyewear.

B.  That the Defendant be directed to file with this Court and serve on Live Eyewear within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction, including termination of the use of the domain name www.horisunbrands.com for the purpose of selling, offering for sale, or advertising sunglasses or eyeglasses;

C.  That the assets of Defendant be frozen, thereby preserving the right to recover damages and profits and to ensure the availability of final relief.

D.  That Defendant be required to account for and pay over to Live Eyewear all gains, profits, and advantages realized from the sale of infringing merchandise;

E.  That the Defendant be required to pay to the Plaintiff such damages as the Plaintiff has sustained as a consequence of the Defendant's acts of trademark infringement, false advertising, trademark dilution, unfair competition, deceptive and unfair practices, including multiple damages in the amount of three times the damages sustained by Live Eyewear, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; Cal. Bus. & Prof. Code § 14200 et seq., and Cal. Bus. & Prof. Code § 17200 et seq. or the maximum statutory damages allowed.

F.  That the Defendant be required to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing copies, imitations, or reproductions, including confusingly similar variations of the HORIZON® Mark;

G.  That the Defendant be required to pay Live Eyewear's costs, expenses, and reasonable attorney fees in connection with this action, as provided in

15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 14200 et seq., and Cal. Bus. & Prof. Code § 17200 et seq.

      H.    Awarding Live Eyewear such other relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

      Plaintiff Live Eyewear, Inc. hereby demands a trial by jury of all issues triable by jury pursuant to Federal Rule of Civil Procedure 38(b).


Dated:  August 12, 2014               Respectfully submitted,

                             LIVE EYEWEAR, INC.


                             By:_____
                             Nicole M. Norris
                             *Attorney for Plaintiff*
                             LIVE EYEWEAR, INC.